UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUANE T. BURNS and KEVIN
L. HENAULT,

       Plaintiffs,

v.                                    Case No. 8:10-cv-1441-T-24-MAP

WINNEBAGO INDUSTRIES, INC.,

       Defendant.

_____/

**ORDER**

This cause comes before the Court on Plaintiffs' Motion for Remand. (Doc. No. 4).

Defendant opposes the motion and has filed supplemental authority. (Doc. No. 6, 7). As

explained below, the motion is granted.

**I.  Background**

Plaintiffs allege the following in their complaint (Doc. No. 2): On May 31, 2007,

Plaintiffs purchased a new 2007 Vectra Recreational Vehicle ("RV") that was manufactured by

Defendant. The purchase price of the RV was $246,685.39. The RV came with a limited

warranty that covered defects in the RV for a period of time.

After Plaintiffs purchased the RV, they discovered numerous defects in the RV that were

covered under the warranty, including: (1) the electric was not functional; (2) the air

conditioning was not functional; (3) sewage leaked into the storage areas, and there was a

sewage/feces smell in the living compartment; (4) there was a propane leak in the coach

compartment; and (5) the ice maker leaked water into the coach compartment. Plaintiffs brought

the RV to be repaired, but the manufacturer's authorized service agent was unable to repair the defects.

During the first 1,000 days that Plaintiffs owned the RV, Plaintiffs were not able to use the RV for approximately 500 days while it was undergoing repairs.  Therefore, Plaintiffs allege that the limited warranty failed its essential purpose.

As a result, Plaintiffs filed suit against Defendant in state court on May 21, 2010.  In the complaint, Plaintiffs assert one count against Defendant for breach of express warranty under the Magnuson-Moss Warranty Act ("MMWA") and the Florida Uniform Commercial Code ("UCC").  Plaintiffs allege that they suffered actual damages, as well as incidental and consequential damages.  As such, Plaintiffs demand damages in excess of $15,000, costs, attorneys' fees, and any further relief that the Court deems proper.

Defendant was served with the complaint on June 16, 2010.  On June 25, 2010, Defendant filed a timely notice of removal.  Defendant contends that this Court has jurisdiction under both the MMWA (which requires that the amount in controversy be at least $50,000[1]) and under diversity jurisdiction (because the parties are citizens of different states and the amount in controversy exceeds $75,000).  Thereafter, Plaintiffs filed a timely motion to remand.

**II.  Motion to Remand**

Plaintiffs argue that this case must be remanded to state court, because Defendant has not met its burden of showing that the amount in controversy for the MMWA claim is at least $50,000.  Plaintiffs are correct that Defendant has the burden of establishing that federal jurisdiction exists.  See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir.

---

[1] 15 U.S.C. § 2310(d)

2001)(citation omitted).  As explained below, the Court agrees that Defendant has not met its burden.

Since Plaintiffs have not pled a specific amount of damages, Defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement.  See id. (citation omitted).  As explained by one court:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. . . . A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

Id. at 1319-20.

On the other hand, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)(citations omitted).  Furthermore, the use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case.  See id. at 754.  However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand.  See Burns v. Windsor, 31 F.3d 1092, 1095 (11th Cir. 1994)(citations omitted).

Plaintiffs contend that Defendant has not shown that the amount in controversy on the MMWA claim is at least $50,000, because Defendant improperly relies on the purchase price of the RV.  However, argue Plaintiffs, the correct measure of damages for their breach of warranty claim is the difference between the value of the RV with the numerous defects on the date they bought it and the value that the RV would have had on the date they bought it if the RV had been

free of defects.[2]  Since Defendant has not proffered a value for the defective RV on the date of sale[3], Plaintiffs argue that Defendant has failed to show that the amount in controversy is at least $50,000.

Upon review, the Court agrees with Plaintiffs that Defendant has not shown, by a preponderance of the evidence, that the diminished value of the RV on the date of sale due to the defects was at least $50,000.[4]  In its Notice of Removal, Defendant states that since Plaintiffs are seeking damages up to the amount of the purchase price of the RV, plus incidental and consequential damages, the jurisdictional threshold has been met.  However, since the proper measurement of Plaintiffs' damages for breach of warranty is the diminished value of the RV on the date of sale due to its defective condition, the Court cannot use the purchase price of the RV as the sole basis for finding that the jurisdictional threshold has been met.

In its opposition to Plaintiffs' motion to remand, Defendant attempts to proffer calculations showing that the amount in controversy exceeds $50,000.  However, the Court is not persuaded.  For example, Defendant contends that Plaintiffs' damages for loss of use of the RV (while it was being repaired for 500 days) equals the monthly RV loan payment, which totaled

---

[2]Since the MMWA "is virtually silent as to the amount and type of damages which may be awarded for breach of an express limited warranty," courts turn to state law to determine the proper measure of damages for such a claim under the MMWA.  MacKenzie v. Chrysler Corp., 607 F.2d 1162, 1166 (5th Cir. 1979).  Under Florida Statute § 672.714(2), "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."

[3]Defendant has proffered a _current_ value for the RV (which reflects a reduction in value due to the age of the RV), but the relevant inquiry for determining damages for a breach of warranty focuses on the value of the defective RV _on the date that Plaintiffs purchased it_.

[4]In determining the amount in controversy for the MMWA claim, attorney fees are not included.  See Ansari v. Bella Automotive Group, Inc., 145 F.3d 1270, 1272 (11th Cir. 1998).

over $28,000 during the 500 day period.  However, Defendant cites no authority to support its

contention that loss of use damages can be calculated that way.  Thus, the Court finds that the

value of Plaintiffs' claimed incidental and consequential damages is both speculative and

indeterminate at this time.

Defendant also points out that Plaintiffs specifically allege in their complaint that the

warranty failed its essential purpose.  Defendant contends that Plaintiffs included that allegation

in order to support a request for the remedy of revocation of acceptance, which would cause the

amount in controversy to meet the jurisdictional threshold.[5]  However, Plaintiffs do not

specifically demand revocation of acceptance in their complaint, and they state in a footnote in

their motion to remand that they are not seeking revocation of acceptance.  As Plaintiffs' counsel

is an officer of the Court and is bound by Federal Rule of Civil Procedure 11(b)[6], the Court will

accept Plaintiffs' counsel's statement that Plaintiffs are not seeking the remedy of revocation of

acceptance, despite the fact that the complaint is somewhat vague regarding the precise remedy

---

[5]If Plaintiffs sought the remedy of revocation of acceptance, then the amount in controversy would equal the difference between the original purchase price of the RV ($246,685.39) and the current value of the RV in its presently defective condition (because Plaintiffs would be returning the RV to the manufacturer), and then that amount would be further reduced by Plaintiffs' beneficial use of the RV during the period they owned it.  See Holmes v. Kabco Builders, Inc., 2007 WL 841686, at *4 (S.D. Ala. March 15, 2007)(citations omitted).  Defendant has submitted evidence that the current value of a 2007 Vectra RV without defects is $151,810.00, so the current value of Plaintiffs' RV in its presently defective condition must be worth less than that amount.  As such, if Plaintiffs were seeking the remedy of revocation of acceptance, the amount in controversy would be at least $94,875 ($246,685.39 purchase price less $151,810 current value), less the value of Plaintiffs' beneficial use of the RV during their three years of ownership of it.  In such a case, the Court that agrees the amount in controversy would meet the jurisdictional threshold, and Plaintiffs appear to concede this point in a footnote in their motion to remand.

[6]Pursuant to Rule 11(b), by signing the motion, Plaintiffs' counsel is certifying that to the best of his knowledge, his representations to the Court are accurate and not presented for an improper purpose.

5

being demanded.[7]   Should Plaintiffs later attempt to amend their complaint in order to add the remedy of revocation of acceptance, they may be judicially estopped from doing so, because this Court relied on Plaintiffs' representation to the Court that they were not seeking such remedy. See Smith v. Avatar Properties, Inc., 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998)(stating that judicial estoppel is an equitable doctrine used to prevent litigants from taking totally inconsistent positions in separate judicial proceedings).

Defendant also urges the Court to consider the fact that Plaintiffs have refused to stipulate that their damages do not exceed $50,000.  Defendant contends that Plaintiffs' refusal to stipulate shows that Plaintiffs believe that their damages exceed $50,000.  While this Court can consider Plaintiffs' refusal to stipulate when determining the amount in controversy,[8] a plaintiff's refusal to stipulate cannot be the only basis for finding that the amount in controversy is met because there are numerous reasons why a plaintiff might not stipulate.  See Best Buy, 269 F.3d at 1320.

Accordingly, the Court finds that Defendant has not met its burden of showing that the amount in controversy for the MMWA claim is at least $50,000.[9]  As such, remand is required.

---

[7]For example, Plaintiffs could have specifically stated in their complaint that they were seeking damages for the diminished value of the RV.  As such, it is understandable that Defendant construed Plaintiffs' allegation that the warranty failed its essential purpose, combined with Plaintiffs' request for damages, as Plaintiffs attempting to revoke their acceptance of the RV and get their money back.

[8]Gleason v. Roche Laboratories, Inc., 2009 WL 728531, at *2 (M.D. Fla. March 19, 2009); Logsdon v. Duron, Inc., 2005 WL 1163095, at *4 (M.D. Fla. May 17, 2005).

[9]The Court also finds that Defendant has not shown that the Court has subject matter jurisdiction under the alternate basis of diversity jurisdiction, because Defendant has not shown that the amount in controversy exceeds $75,000.

### III.  Request for Attorneys' Fees

Plaintiffs request that this Court award them attorneys' fees due to Defendant's improper removal of this case.  The Court denies this request, because the Court finds that Defendant did not lack an objectively reasonable basis for removal.  While the Court has found that Defendant did not show by a preponderance of the evidence that the amount in controversy was at least $50,000, the Court believes that there are likely significant damages at issue in this case. However, since the Court has some doubts as to whether the significant damages would total at least $50,000, and since the Court's doubts must be resolved in favor of remand, this Court granted Plaintiff's motion to remand.  Therefore, Plaintiffs' request for attorneys' fees is denied.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion for Remand (Doc. No. 4) is **GRANTED**, but their request for attorneys' fees is **DENIED**.  The Clerk is directed to remand this case to state court and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of August, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record